UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EDWIN ACEVEDO,

        Plaintiff,

  -v-                                         No. 12 Civ. 1624 (LTS)(AJP)

TISHMAN SPEYER PROPERTIES L.P., and
LOCAL 32BJ SERVICE EMPLOYEES
INTERNATIONAL UNION CTW, LLC

        Defendants.
-------------------------------------------------------x

MEMORANDUM ORDER

Plaintiff Edwin Acevedo ("Plaintiff") brings this action against his former employer, Tishman Speyer Properties, L.P. ("Tishman"), and Local 32BJ Service Employees International Union CTW, CLC ("32BJ" or "the Union") (collectively "Defendants"), asserting claims for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., breach of the relevant collective bargaining agreement ("CBA"), and violations of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Tishman has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim, respectively, or, in the alternative, to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 2. The Union has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The court has reviewed carefully all of the parties' submissions. For the following reasons, Tishman's motion to compel arbitration is granted, its motion to dismiss the complaint for failure to state a claim is denied, and the Union's motion to dismiss the complaint for failure to state a claim is denied without prejudice to reinstatement after arbitration has been completed.

BACKGROUND

The following facts, alleged in the complaint or taken from the text of the CBA, are taken as true for the purposes of this motion practice.[1]  Plaintiff was hired by Tishman on or about April 19, 2007.  (Compl. ¶ 5.)  Plaintiff sustained physical injuries unrelated to his employment on September 17, 2010, including head trauma and post-concussion syndrome, which rendered him unable to perform the functions of his employment.  (Id. ¶ 6.)  On September 20 and 23, 2010, Plaintiff notified Tishman of his inability to work.  He was given forms to apply for temporary disability benefits.  He executed the forms and returned them to Tishman on September 26, 2010.  (Id. ¶¶ 7-8.)  In the first week of October 2010, Plaintiff provided medical documentation stating that he was unable to return to work until December of 2010.  (Id. ¶ 9.)  Upon Tishman's request, Plaintiff continued to provide such documentation every 30 days.  (Id. ¶¶ 9-11.)  In the beginning of December 2010, Plaintiff submitted medical documentation stating that he would be able to return to work on January 10, 2011.  (Id. ¶ 11.)  When Plaintiff reported to work on that date, he was informed that his employment had been terminated due to job abandonment.  (Id. ¶ 13.)

At all relevant times, Tishman and 32BJ were parties to the CBA, which governed Plaintiff's employment.  (Id. ¶ 4.)  The CBA expressly provides that all claims of discrimination, including those under the FMLA, "shall be subject to the grievance and arbitration procedure (Articles VII and VIII) as the sole and exclusive remedy for violations."

---

[1]   In deciding a motion to dismiss, the Court may refer to "facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." Williams v. Time Warner Inc., 440 F. App'x 7, 9 (2d Cir. 2011) (quoting Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir.2002)).  Plaintiff relies on the CBA and incorporates it by reference in his complaint; Tishman has also provided the full text of the CBA (Cohen Decl., Ex. B).

(Cohen Decl., Ex. B, Art. XIX ¶ 24.)[2] Article VIII of the CBA further designates arbitration as the "sole and exclusive method for the determination" of all "matters over which a Contract Arbitrator has jurisdiction," including "all differences arising between the parties as to interpretation, application or performance of any part of [the CBA], and such other issues as are expressly required to be arbitrated before him/her . . . ." (Id., Art. VIII ¶¶ 1, 3.)

On or about January 10, 2011, Plaintiff filed a complaint under the CBA with the Union regarding his termination. (Compl. ¶ 14.) The Complaint alleges that "multiple hearings" were scheduled, including a "Joint Industry Grievance Hearing" on March 8, 2011. (Id. ¶ 15.) Tishman did not appear at any of the scheduled hearings. (Id.) The Union initially informed Plaintiff that his case would be taken to arbitration, but later declined to pursue such arbitration "due to the merits of the case." (Id. ¶¶ 16-17.) Plaintiff never received any disability or unemployment benefits. (Id. ¶ 18.)

On March 6, 2012, Plaintiff filed this action, alleging that (1) Tishman violated the FMLA by terminating Plaintiff for taking medical leave (Count One); (2) Tishman breached the CBA's provision requiring employers to comply with the FMLA (Count Three); (3) the Union breached its duty of fair representation by failing to pursue Plaintiff's grievance adequately (Count Two); and (4) the Union breached the CBA by failing to comply with its grievance and arbitration procedures (Count Four).

DISCUSSION

---

[2] The Agreement and Protocol of February 17, 2010, amending the CBA also provides that any discrimination claim will be subject to mandatory, non-binding mediation procedures. (Cohen Decl., Ex. C, ¶ 5 section I.) In the event that the Union declines to submit the employee's claim to arbitration, the employee may elect to arbitrate the claim himself. (Cohen Decl., Ex. C, ¶ 5 section II.)

Citing 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009), Tishman argues that the mandatory arbitration clause of the CBA divests this Court of subject matter jurisdiction of Plaintiff's FMLA and CBA claims.  Neither Pyett nor, to the Court's knowledge, any subsequent case in this Circuit has held that mandatory arbitration clauses of the type at issue here deprive courts of subject matter jurisdiction of claims sounding in federal law.  See, e.g., Brown v. Services for the Underserved, No. 12 Civ. 317(JG), 2012 WL 3111903 (E.D.N.Y. July 31, 2012) (construing Rule 12(b)(1) motion brought on the basis of mandatory arbitration clause as a motion to compel arbitration).

The Court agrees, however, that the CBA's arbitration clause requires that the parties proceed to arbitration.  Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  In Pyett, the Supreme Court held that "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." 556 U.S. at 274.  Article XIX of CBA, which explicitly states that "grievance and arbitration procedure as the sole and exclusive remedy for violations" of FMLA, constitutes a clear and unmistakable waiver of the right to proceed in federal court in the first instance.  See also Duraku v. Tishman Speyer Properties, Inc., 714 F. Supp. 2d 470, 472 (S.D.N.Y. 2010) (granting motion to compel arbitration as to plaintiff's Title VII on the basis of identical arbitration provisions of the CBA); Johnson v. Tishman Speyer Properties, L.P., No. 09 Civ. 1959 (WHP), 2009 WL 3364038, *2-4 (S.D.N.Y. Oct. 16, 2009).

Plaintiff's sole response to this argument is that, under Pyett, a court may not enforce a binding arbitration agreement where "Congress itself has evinced an intention to

preclude a waiver of judicial remedies for the statutory rights at issue." (Pl's Opp. at 17 (quoting Pyett, 556 U.S. at 248 (internal quotation marks omitted)). Plaintiff argues that Congress evinced such an intent in the "Right of Action" provision of the FMLA, which provides that "[a]n action to recover the damages or equitable relief [for a violation of the FMLA] . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees . . . ." 29 U.S.C.A. § 2617(a)(2) (West 2009). However, the ADEA contains a virtually identical provision[3] – a fact that did not persuade the Pyett Court that Congress intended to preclude binding arbitration clauses.

Accordingly, the Court grants Tishman's motion to compel arbitration. Tishman's motion to dismiss the complaint for failure to state a claim is denied without prejudice to renewal in the arbitral forum. The Union's motion to dismiss the complaint is denied without prejudice to renewal following the arbitration. The claims against the Union will be held in suspense pending the resolution of arbitration proceedings.

## CONCLUSION

For the foregoing reasons, Tishman's motion to compel arbitration is granted. Tishman's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim is denied. The Union's motion to dismiss the complaint for failure to state a claim is denied without prejudice to reinstatement after arbitration is completed. The Clerk of Court is requested to place this case on the suspense calendar. The Union is directed to file a report with the Court every 90 days, indicating whether this case should be reopened, dismissed or continued on the suspense calendar. This memorandum order resolves docket entry nos. 12 of this

---

[3] "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter . . . ." 29 U.S.C. § 626(c)(1) (West 2009).

and 15.

        SO ORDERED.

Dated: New York, New York
      March 26, 2013

                                                         /S
                                        LAURA TAYLOR SWAIN
                                        United States District Judge